## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* E.O.

No. 18-0697 (Jackson County 17-JA-164)

FILED

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.E., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's June 29, 2018, order terminating her parental rights to E.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and subsequently terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the DHHR filed a petition alleging that the child was sexually abused by petitioner's boyfriend's brother and that petitioner continued to allow that person to live in the family home. Additionally, the DHHR alleged that the child was provided mental health treatment, but that petitioner failed to follow through with the treatment. The circuit court held a preliminary hearing, found that the child was in imminent danger in petitioner's custody and continued her in the DHHR's custody.

The circuit court held an adjudicatory hearing in December of 2017. Petitioner voluntarily stipulated that she "knowingly and intentionally inflicted substantial emotional injury on [the child]" and "neglected [the child's] medical care, by failing to comply with her aftercare treatment plan from Highland Hospital, [and] by placing [the child] in the same home as her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

alleged abuser, against clear medical advice to the contrary." The circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, and the circuit court granted her an improvement period in January of 2018. The terms of petitioner's improvement period included enrollment in parenting and adult life skills classes, individual counseling, victim impact classes, visitations, family counseling, and a parental psychological examination.

In May of 2018, the guardian filed a motion to terminate petitioner's improvement period and terminate her parental rights. In this motion, the guardian alleged that the child made additional allegations that petitioner's boyfriend sexually abused her. The guardian alleged that petitioner did not believe the child's disclosures. Further, the guardian alleged that when petitioner submitted to a parental fitness evaluation, she denied that her earlier admissions were true. The DHHR later joined in the guardian's motion.

In May of 2018, the circuit court held a final dispositional hearing and heard evidence regarding the motion to revoke petitioner's improvement period and terminate her parental rights. The forensic psychologist testified that petitioner frequently stated that she did not believe the child's allegations during the evaluation and adamantly denied responsibility. Additionally, the psychologist testified that petitioner did not believe the admissions that she made during her adjudicatory hearing. Finally, the psychologist testified that petitioner was "very defensive and hostile" during the evaluation. Ultimately, the psychologist opined that petitioner suffered from "unspecific personality disorder with borderline and antisocial features" and expressed that her prognosis for improvement was "extremely poor." Petitioner testified that she did not call the child a liar, but that it was "hard to believe her." However, petitioner also admitted that she would not have continued to live with her boyfriend if she believed he had abused her daughter. Petitioner admitted that her boyfriend was still living in her home, although she claimed that she ended the relationship immediately after the child made the allegations against him.

The circuit court found that petitioner never meaningfully accepted responsibility and did not act in the best interest of her child. Further, the circuit court found that petitioner's reaction to the new allegations against her boyfriend "provide[d] crystal-clear insight into whether [petitioner] [was] willing and able to correct the conditions of abuse and neglect. Unfortunately, a look at the evidence demonstrates she [was] not and cannot." Ultimately, the circuit court found that petitioner did not substantially comply with her improvement period and it was revoked. Moreover, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that termination of parental rights was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental rights in its June 29, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

---

[2]The father's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in her current foster placement.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in revoking her post-adjudicatory improvement period and subsequently terminating her parental rights. However, we note that in her brief before this Court, petitioner failed to cite to a single case in support of her argument, other than a citation to the standard of review. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable*, and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief contains no citations to applicable law, except the standard of review. "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Petitioner's brief is inadequate and fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Accordingly, this Court will not address petitioner's assignments of error on appeal.

3

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 29, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment